ANTHONY MICHAEL GLASSMAN, admitted *pro hac vice*
ALEXANDER RUFUS-ISAACS, admitted *pro hac vice*
RICHELLE L. KEMLER, admitted *pro hac vice*
GLASSMAN, BROWNING, SALTSMAN & JACOBS, INC.
360 North Bedford Drive, Suite 204
Beverly Hills, California 90210-5157
Telephone: (310) 278-5100
Facsimile: (310) 271-6041


Attorneys for Plaintiff,
DR. FREDERICK K. C. PRICE

# IN THE UNITED STATES DISTRICT COURT FOR

# THE SOUTHERN DISTRICT OF NEW YORK


| | |
|---|---|
| Dr. FREDERICK K. C. PRICE, an individual, | Case No. 07 CV 11364 (SWK) |
| Plaintiff, | The Honorable Shirley Wohl Kram |
| v. | **DECLARATION OF ANTHONY MICHAEL GLASSMAN IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE** |
| JOHN STOSSEL, an individual, GLEN RUPPEL, an individual, AMERICAN BROADCASTING COMPANIES, INC., a Delaware corporation, ABC INC., a Delaware corporation, OLE ANTHONY, an individual, and TRINITY FOUNDATION, INC., an entity, form unknown, | |
| Defendants. | |

170120.1

## DECLARATION OF ANTHONY MICHAEL GLASSMAN

I, Anthony Michael Glassman, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am a partner with Glassman, Browning, Saltsman & Jacobs, Inc., attorneys of record for Plaintiff, Frederick K.C. Price ("Plaintiff").  If called as a witness, I could and would competently testify to the following facts.

2.      This declaration is submitted in support of Plaintiff's Opposition to Defendants' Motion to Transfer Venue.

3.      In early August 2007, Henry Hoberman, Chief Litigation Counsel of ABC, contacted me and suggested that ABC would be willing to enter into settlement discussions in the hope that Plaintiff's claim could be settled without the need for costly and time consuming litigation.

4.      In late September 2007, I responded to Mr. Hoberman's suggestion and stated that after careful consideration Plaintiff was willing to participate in a formal mediation under the auspices of JAMS.

5.      At the end of September or beginning of October, 2007, after Judge Klausner denied the Stipulation to continue the conference to allow the parties to mediate, the ABC Defendant's California litigation counsel, David Fink, called me and suggested dismissing Plaintiff's complaint without prejudice to permit the parties to pursue mediation without the distraction and expense of law and motion practice. I told him that a dismissal without prejudice sounded like a good idea but that I  needed time to think about it.

6.      On or about October 10, 2007, I signed a new Stipulation, dismissing Plaintiff's cause of action without prejudice.

170120.1

7.    The issue of where the case would be re-filed was never discussed between myself and the ABC Defendants' counsel.

8.    I have worked in the area of defamation law for approximately 30 years.  I fully anticipated that the Defendants would file a special motion to strike pursuant to Cal. Code of Civ. Pro. § 425.16.

I declare under penalty of perjury that the foregoing is true and correct.

Executed April 10, 2008, at Beverly Hills, California.

Anthony Michael Glassman

170120.1