ANTHONY MICHAEL GLASSMAN, admitted *pro hac vice*
ALEXANDER RUFUS-ISAACS, admitted *pro hac vice*
RICHELLE L. KEMLER, admitted *pro hac vice*
GLASSMAN, BROWNING, SALTSMAN & JACOBS, INC.
360 North Bedford Drive, Suite 204
Beverly Hills, California 90210-5157
Telephone: (310) 278-5100
Facsimile: (310) 271-6041

Attorneys for Plaintiff,
DR. FREDERICK K. C. PRICE

IN THE UNITED STATES DISTRICT COURT FOR

THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dr. FREDERICK K. C. PRICE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOHN STOSSEL, an individual, GLEN RUPPEL, an individual, AMERICAN BROADCASTING COMPANIES, INC., a Delaware corporation, ABC INC., a Delaware corporation, OLE ANTHONY, an individual, and TRINITY FOUNDATION, INC., an entity, form unknown,<br><br>Defendants. | Case No.  07 CV 11364 (SWK)<br><br>The Honorable Shirley Wohl Kram<br><br>**PLAINTIFF'S OBJECTIONS TO SUPPLEMENTAL DECLARATION OF DAVID FINK** |

Plaintiff, Frederick K.C. Price ("Plaintiff") hereby objects to the following evidence presented by Defendants, John Stossel, Glenn Ruppel, American Broadcasting Companies, Inc. and ABC, Inc. ("Defendants") [1] in support of their motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

---

[1] Notably absent are any Supplemental Declarations by Defendants, Ole Anthony and Trinity Foundation as ordered by the Court. Thus, they have defaulted in their obligation to the Court.

Plaintiff objects to the entirety of the Supplemental Declaration of David E. Fink as it does not conform to the Court's May 12, 2008 Order and the cases cited by the Court. The entire declaration is merely a recitation of Defendants' motion and reply brief. It does not contain the factual affidavits as required by Dahl v. Hem Pharmaceuticals Corp., 867 F. Supp. 194, 198 and GPA, Inc. v. Liggett Group, Inc. 1994 WL 537017 (S.D.N.Y.) namely, "[w]hen a party seeks the transfer on account of the convenience of witnesses under § 1404(a) he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover."

This statement should include:

> "affidavits with respect to the identity or number of [Defendant]'s anticipated trial witnesses or a general statement concerning their testimony, whether they are party or non-party witnesses, where these witnesses are located and whether the non-party witnesses, if any, who are outside the Court's subpoena power will voluntarily consent to appear at trial." (emphasis added). GPA, Inc., 1994 WL 537017 at *4 and also see Dahl 867 F. Supp. at 198.

Defendants have failed to supply this Court with even one declaration from an individual stating they will not voluntarily appear at trial in New York. Instead, twelve of the witnesses listed by Defendant have actually provided declarations to this Court agreeing to voluntarily appear at trial should the Court find their testimony relevant. (See Declarations of Betty Price, Angela Evans, A. Michael Evans, Cheryl Price, Stephanie Buchanan, Danon Buchanan, Frederick Price, Jr., Angel Price, Gail Dulay, Bernadine Buchanan, Ronn Whitaker and Loretta Cooper). Also see the additional ten declarations filed concurrently herewith of the Board of Directors, church officers and Plaintiff's accountants regarding their willingness to appear at trial in New York.

In addition, Defendants representation that it has 38 "key witnesses" is insincere. Most of the alleged 38 witnesses listed by the Defendants would provide cumulative, redundant and

irrelevant testimony. Moreover, the Defendants cannot sincerely and in good faith believe that the Plaintiff's family will testify that he suffered no harm due to the scurrilous broadcasts, or that his accountants are going to testify that he is stealing from the church.

Furthermore, Mr. Fink's Supplemental Declaration continues to misstate the gravamen of Plaintiff's complaint and wrongly argues that Plaintiff's wealth is an issue in this case. It is not. Plaintiff is paid a salary, receives benefits and enjoys a lifestyle commensurate with his duties and responsibilities as the pastor of a major religious organization. As set forth in detail in Plaintiff's complaint, the issue in this case is not Plaintiff's wealth, but Defendant's malicious and false portrayal of Plaintiff as misappropriating funds from his church's congregation. Yet, Defendants do not offer this Court even one witness, not even one based on information and belief, that will testify that Plaintiff stole money from his church. [2]

In addition to the aforementioned general objections to the entirety of the Supplemental Declaration of David E. Fink, Plaintiff also specifically objects to the following paragraphs:

Plaintiff objects to the sentence on page 3 contained in paragraph 5 that concludes: "The majority of non-party witnesses from whom ABC intends to elicit testimony work and/or reside in Los Angeles County." This evidence is objected to on the ground that the declarant lacks personal knowledge. [Federal Rules of Evidence, Rule 602; Leopold v. Baccarat, Inc., 174 F. 3d 261, 270-271 (2d Cir. 1999)].

Plaintiff objects to Pages 3 through 12, paragraphs 6-8. This evidence is objected to on the basis that it is irrelevant. The bases cited by the declarant for offering the witnesses

---

[2] Even if Defendants were able to locate a witness to substantiate the numerous false implications regarding diversion of funds contained in their broadcasts (a fact that Plaintiff vigorously denies), this case would be over on summary judgment, making their list of California witnesses regarding the alleged lack of reputational harm unnecessary and negates Defendants' argument regarding live trial testimony on that issue.

statements are irrelevant, i.e., "...[Witness] can provide testimony regarding Price's wealth, income and perks..." As noted above, Plaintiff's theory of recovery is that the Defendants have accused him of misappropriating and diverting funds intended as donations to his church for his own personal use, not that he is a wealthy individual. Thus, any testimony regarding the extent of his wealth and income is irrelevant in this matter [Federal Rules of Evidence, Rule 402; U.S. v. Kaplan, 490 F. 3d 110, 120 (2d Cir. 2007)].

This evidence is also objected to on the grounds that the declarant lacks personal knowledge. [Federal Rules of Evidence, Rule 602; Leopold v. Baccarat, Inc., 174 F. 3d 261, 270-271 (2d Cir. 1999], and the evidence presented is inadmissible hearsay [Federal Rules of Evidence, Rule 802; CSI Inv. II, L.P. v. Cendant Corp., 507 F. Supp. 2d 384, 420 (S.D.N.Y. 2007)].

Plaintiff objects to page 13, paragraph 9. This evidence is objected to on the grounds that the declarant lacks personal knowledge. [Federal Rules of Evidence, Rule 602; Leopold v. Baccarat, Inc., 174 F. 3d 261, 270-271 (2d Cir. 1999] and contains improper opinion. [Federal Rules of Evidence, Rule 701; U.S. v. Kaplan, 490 F. 3d 110, 119 (2d Cir. 2007)].

Plaintiff objects to page 13, paragraph 10. This evidence is objected to on the grounds that it is irrelevant [Federal Rules of Evidence, Rule 402; U.S. v. Kaplan, 490 F. 3d 110, 120 (2d Cir. 2007)] and the declarant lacks personal knowledge. [Federal Rules of Evidence, Rule 602; Leopold v. Baccarat, Inc., 174 F. 3d 261, 270-271 (2d Cir. 1999].

Plaintiff objects to page 14, paragraph 12. This evidence is objected to on the grounds that it is improper opinion. [Federal Rules of Evidence, Rule 701; U.S. v. Kaplan, 490 F. 3d 110, 119 (2d Cir. 2007)].

Plaintiff objects to pages 14-15, paragraphs 15 and 16, including footnotes 4-7. This evidence is objected to on the grounds that it is irrelevant. The issue in this case is not Plaintiff's wealth. Thus, any testimony regarding the extent of his wealth, his assets and his income is irrelevant [Federal Rules of Evidence, Rule 402; U.S. v. Kaplan, 490 F. 3d 110, 120 (2d Cir. 2007)].

Plaintiff objects to page 16, paragraph 17. This evidence is objected to on the grounds that the declarant lacks personal knowledge [Federal Rules of Evidence, Rule 602; Leopold v. Baccarat, Inc., 174 F. 3d 261, 270-271 (2d Cir. 1999] and it is an improper opinion. [Federal Rules of Evidence, Rule 701; U.S. v. Kaplan, 490 F. 3d 110, 119 (2d Cir. 2007)].

Plaintiff objects to page 16, paragraph 18. This evidence is objected to on the grounds that this entire paragraph is an improper conclusory opinion [Federal Rules of Evidence, Rule 701; U.S. v. Kaplan, 490 F. 3d 110, 119 (2d Cir. 2007)] and the declarant does not have personal knowledge of the alleged facts stated therein. [Federal Rules of Evidence, Rule 602; Leopold v. Baccarat, Inc., 174 F. 3d 261, 270-271 (2d Cir. 1999]. Furthermore, it is an inaccurate statement of the facts. [See Declarations of Fatimah Lateef, Glenn McMillan and Daryl Tillman, filed concurrently herewith] [3].

---

[3] These declarations confirm that critical footage was actually shot in New York, contrary to ABC's representation. The declarations also demonstrate that the ABC Defendants confronted numerous parishioners of Plaintiff's New York church to obtain footage for their broadcasts. At the conclusion of church services, ABC approached the New York parishioners and asked them questions regarding their comfort level with how their pastor spent their money and showed them a photograph of Plaintiff's personal residence and asked whether they knew that Reverend Price lived in such a lavish home. Moreover, the declarations establish that critical non-party witnesses vital to Plaintiff's case reside in New York.

Plaintiff objects to page 17, paragraph 19. This evidence is objected to on the grounds that the declarant does not have personal knowledge of the alleged facts stated therein. [Federal Rules of Evidence, Rule 602; Leopold v. Baccarat, Inc., 174 F. 3d 261, 270-271 (2d Cir. 1999].

Plaintiff objects to page 17, paragraph 20. This evidence is objected to on the grounds that it is an improper conclusory opinion [Federal Rules of Evidence, Rule 701; U.S. v. Kaplan, 490 F. 3d 110, 119 (2d Cir. 2007)] and the declarant does not have personal knowledge of the alleged facts stated therein. [Federal Rules of Evidence, Rule 602; Leopold v. Baccarat, Inc., 174 F. 3d 261, 270-271 (2d Cir. 1999].

Plaintiff objects to page 17-18, paragraph 21. This evidence is objected to on the grounds that it is an improper conclusory opinion [Federal Rules of Evidence, Rule 701; U.S. v. Kaplan, 490 F. 3d 110, 119 (2d Cir. 2007)] and the declarant does not have personal knowledge of the alleged facts stated therein. [Federal Rules of Evidence, Rule 602; Leopold v. Baccarat, Inc., 174 F. 3d 261, 270-271 (2d Cir. 1999].

Plaintiff objects to following sentences on page 18 contained in paragraph 22: "The allegedly misused footage that forms the basis of this lawsuit has nothing to do with New York....Moreover, the footage of Price's home was taken from a news helicopter operated by ABC's local affiliated station in Los Angeles, KABC-TV. Thus, the allegedly offending footage features individuals, events, and property relating to California, not New York." This evidence is objected to on the grounds that it is an improper conclusory opinion [Federal Rules of Evidence, Rule 701; U.S. v. Kaplan, 490 F. 3d 110, 119 (2d Cir. 2007)], the declarant does not have personal knowledge of the alleged facts stated therein. [Federal Rules of Evidence, Rule 602; Leopold v. Baccarat, Inc., 174 F. 3d 261, 270-271 (2d Cir. 1999] and it is an inaccurate statement of the facts as discussed in footnote three above.

Plaintiff objects to page 19, paragraph 23. This evidence is objected to on the grounds that it is an improper opinion [Federal Rules of Evidence, Rule 701; U.S. v. Kaplan, 490 F. 3d 110, 119 (2d Cir. 2007)] and the declarant does not have personal knowledge of the alleged facts stated therein. [Federal Rules of Evidence, Rule 602; Leopold v. Baccarat, Inc., 174 F. 3d 261, 270-271 (2d Cir. 1999].

Plaintiff respectfully requests that the Court sustain the above objections and strike the statements contained in the paragraphs referred to above.

Respectfully submitted May 22, 2008

                        Glassman, Browning, Saltsman & Jacobs, Inc.

By: _____
      Anthony Michael Glassman
      Attorneys for Plaintiff, Frederick K.C. Price